07 MAG 1612

Approved: _____
        ADAM S. HICKEY
        Assistant United States Attorney

Before:   HONORABLE JAMES C. FRANCIS IV
        United States Magistrate Judge
        Southern District of New York

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA   :    COMPLAINT

    - v. -           :    Violation of
                         18 U.S.C. § 922(g)(1)

MAURICE COTTMAN,      :    COUNTY OF OFFENSE:
                         BRONX
         Defendant.   :

- - - - - - - - - - - - - - - -X

SOUTHERN DISTRICT OF NEW YORK, ss.:

       DANNIS DELEON, being duly sworn, deposes and says that he is an Officer with the New York City Police Department and charges as follows:

## COUNT ONE

       On or about September 9, 2007, in the Southern District of New York, MAURICE COTTMAN, the defendant, unlawfully, willfully, and knowingly, after having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about September 20, 2000, in New York Supreme Court, New York County, for attempted criminal sale of a controlled substance in the third degree, did possess in and affecting commerce, a firearm and ammunition, to wit, a loaded 12 gauge Sears & Roebuck shotgun with a sawed-off barrel, which previously has been shipped and transported in interstate commerce.

       (Title 18, United States Code, Section 922(g)(1)).

       The bases for my knowledge and the foregoing charge are, in part, as follows:

       1.   I am an Officer with the New York City Police Department ("NYPD"), assigned to the Firearms Enhancement Unit, and I have been personally involved in the investigation of this matter. This affidavit is based upon my conversations with law-enforcement agents and others and my examination of reports and

00003

records.   Because this affidavit is being submitted for the
limited purpose of establishing probable cause, it does not
include all the facts that I have learned during the course of my
investigation.   Where the contents of documents and the actions,
statements and conversations of others are reported herein, they
are reported in substance and in part, except where otherwise
indicated.

      2.   I know the following from speaking with an officer
of the NYPD ("PO-1") and from a review of records of the NYPD
related to this case:

      a.   On September 9, 2007, at about 5:00 a.m.,
officers responded to a 911 call indicating a domestic dispute in
progress at 415 East 157th Street, Bronx, New York.   The radio
call alerting officers to the scene indicated a firearm was
possibly involved.

      b.   Upon arriving at that address PO-1 and other
officers saw a woman (the "Complaining Witness") whose lip was
bleeding.   She directed the officers to apartment 2B of the
building and indicated that the individual who assaulted her had
gone into that apartment, where she lived.

      c.   The officers walked to Apartment 2B.   PO-1
knocked on the door and announced "police" repeatedly.

      d.   After a period of time, MAURICE COTTMAN, the
defendant, opened the door while he was talking on a cell phone.
PO-1 could see only the hand holding the cell phone; the other
was behind the door and out of his sight.   PO-1 pulled COTTMAN
out of the apartment and into the hallway.   PO-1 and other
officers walked into the apartment to determine whether anyone
else was inside.   When PO-1 looked into the bedroom of the
apartment, he saw, on top of a dresser, a box for ammunition.

      e.   PO-1 and the other officers left the
apartment.   PO-1 returned to the Complaining Witness, who had
remained on the ground floor.   PO-1 asked her whether MAURICE
COTTMAN, the defendant, had a firearm, or whether there was a
firearm in her apartment.   The Complaining Witness said, in sum
and substance, that she did not know whether COTTMAN had a
firearm, but that he had been known to have one.   She said that
there was no firearm in the apartment to her knowledge, but she
consented when PO-1 asked to search the apartment.

      f.   PO-1 returned to the apartment with other
officers and entered the bedroom.   Under the mattress, the

2

00004

officers recovered a loaded, 12 gauge Sears & Roebuck shotgun.

g.   At that point, COTTMAN was placed under arrest.

3.   Upon returning to the precinct, MAURICE COTTMAN, the defendant, was read and signed a waiver of his Miranda rights and provided a written statement.   In that statement, COTTMAN said he took the gun from his uncle's apartment.

4.   I have spoken with a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives.   Based on that conversation, I know that the 12 gauge Sears & Roebuck shotgun is not and never has been manufactured in the State of New York.

5.   I have reviewed criminal records pertaining to MAURICE COTTMAN, the defendant.   Those records reveal that on or about September 20, 2000, in New York Supreme Court, New York County, COTTMAN was convicted of attempted criminal sale of a controlled substance in the third degree, a Class C felony.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of MAURICE COTTMAN, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

_____
POLICE OFFICER DANNIS DELEON
Firearms Enhancement Unit
New York City Police Department

Sworn to before me this
28th day of September, 2007

_____
HONORABLE JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3

00005