UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

07 CR 0973 (PKC)

-against-

Maurice Cottman

Defendant.
------------------------------------------------------------x

ORDER
REGARDING SENTENCING

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/08

P. KEVIN CASTEL, U.S.D.J.

      I will order that a presentence investigation be conducted and a presentence report be prepared ("PSR") by the Probation Office. It is important that the defendant be candid, truthful and honest with the people who prepare the PSR because it will be important in my decision on sentencing.

      Defendant and defense counsel should carefully review the PSR. If necessary, an interpreter should be used to assist in the review process. If there are mistakes, inaccuracies or omissions in the PSR, they should be pointed out by the defendant to defense counsel and by defense counsel to the probation officer and, if unresolved, to the Court. The procedures for the timing of the disclosure of the PSR, objections, action on objections and submission of the PSR and addendum to the Court are set forth in Rule 32, Fed. R. Crim. P.

      Objections to the facts and/or Guideline calculations in the PSR, requests for departures and/or requests for non-Guideline sentences shall be made in writing delivered to the Court (with copy to the Probation Officer and opposing counsel). Objections should refer to the paragraph numbers of the PSR as transmitted to the Court (and not to the non-final, unapproved

PSR which is not sent to the Court). A response to an objection or request for a departure or non-Guideline sentence may be made in writing to the Court.

If the defendant seeks to have the Court consider letters from family or friends, the letters should be collected by defense counsel and submitted to the Court as a group (with copies to the A.U.S.A. and the Probation Officer).

Because a presumption of public access would likely apply to a submission on the subject of sentencing (including letters by family and friends), submissions shall be filed with the Clerk of Court and copies thereof hand delivered or faxed to Chambers by counsel. If a submission is sought to be filed under seal, an application should be made to the Court demonstrating that the standards for sealing have been met. See United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006).

An application to adjourn the sentencing must be made in writing, on notice to opposing counsel and in compliance with Rule 32(b), Fed. R. Crim P.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 15, 2008